Moss, Judge,
delivered the opinion of the court:
On January 1, 1910, Israel Unterberg, William Slutske, and Israel L. Butler formed a partnership under the firm name of I. Unterberg & Co., with a capital of $419,843.35, contributed in varying proportions by the three members thereof. It was agreed between the partners that before the distribution of any profits ,the individuals contributing capital thereto should receive interest at the rate of 6 per cent per annum on the amount that each had contributed to the business.
On May 2, 1916, the partnership was dissolved and a corporation composed of the same individuals was formed under the corporate name, I. Unterberg & Co., Inc., to continue the business of .the partnership.
At the time of the dissolution of the partnership the net value of the respective interests of said partners therein was as follows: Israel Unterberg, $296,638.35; William Slutske (whose name was later changed to William S. Slater) $96,- *202 394.72; and Israel L. Butler, $43,622.64. The authorized capital stock of the corporation was $200,000, which was distributed to the three members of the corporation in amounts equal to their respective contributions as stated above. The difference between the amount of the stock so distributed and the total sum of the working capital, said difference amounting to $236,655.71, was allowed by the partners to' remain in the company, for which the company executed and delivered to each of the partners its note. These notes were identical in terms except as to name and amount. They were payable on a fixed date and bore interest from date at the rate of 6 per cent per annum payable semiannually, with the privilege to said company of paying the principal at any time after May 1, 1917, on giving thirty days’ notice to the holder. Said notes contained ¡the following provision:
“ This note is one of three similar notes, bearing like date, amounting in the aggregate to the sum of two hundred and thirty-six thousand six hundred and fifty-five 71/100 ($236,655.71) dollars, which have been issued by said company, and are to stand on an equal basis as obligations, without preference or priority of one over another. All of said notes are issued on condition that they shall be subordinate to the claims of the general business creditors of said company, and upon the liquidation or dissolution of said company, or upon the final distribution of its assets, such general business creditors shall be entitled to priority of payment in full over said notes.”
An agreement was entered into between the three stockholders on April 17,1917, which provided for certain options to purchase the stock of the stockholders retiring from the business and it further provided that if said options were exercised said notes should also be purchased.
On January 8, 1919, the authorized capital of plaintiff company was increased to $600,000, and on January 17, 1919, the stockholders surrendered to plaintiff said notes, and received in exchange therefor certain shares of the capital stock of plaintiff company.
In its tax return for the taxable year 1917 plaintiff based its tax upon an invested capital of $436,655.71, which included the total amount of said notes. The Commissioner *203 of Internal Revenue assessed an additional tax of $15,812.04, on the ground that said notes represented borrowed money, and that the fund for which they were executed could not properly be included in invested capital. This action is' for the recovery of said additional tax.
Section 207 of the revenue act of 1917 (40 Stat. 306) defines invested capital in the following language:
“ That as used in this title, the term ‘ invested capital ’ for any year means the average invested capital for the year) as defined and limited in this title, averaged monthly.
“As used in this title ‘ invested capital ’ does not include stocks, bonds (other than obligations of the United States) , or other assets, the income from which is not subject to the tax imposed by this title nor money or other property borrowed, and means subject to the above limitations:
“(a) In the case of a corporation or partnership: (1) Actual cash paid in, (2) the actual cash value of tangible property paid in other than cash, for stock or shares in such corporation or partnership, at the time of such payment (but in case such tangible property was paid in prior to January first, nineteen hundred and fourteen, the actual cash value of such property as of January first, nineteen hundred and fourteen, but in no case to exceed the par Avalué of the original stock or shares specifically issued therefor), and (3) paid in or earned surplus and undivided profits used or employed in the business, exclusive of undivided profits earned during the taxable year. * * * ”
It is plaintiff’s contention that the notes under consideration represented a species of preferred stock, and that the fund left with the company in exchange therefor should properly be included in its invested capital. We are unable to agree with plaintiff’s theory on that point. The money left with the company belonged to the individuals. The notes provided for its repayment at a fixed time, with interest from date, payable semiannually. The provision that the three notes were to stand on an equal basis, and that they should be subordinate to any claim of general creditors, does not in anywise affect the legal status of the transaction. It is nothing more nor less than a declaration of the legal requirements under the particular circumstances involved therein. Preferred stock entitles the holder to an interest in *204 the assets of the corporation, with a voice in its management, and to the right to share in its surplus profits. The holder of these notes, as such, acquired no such rights or privileges. They were merely entitled to the payment of the notes in accordance with the terms thereof; and each of them was so paid, and endorsed across the face of the note “ January 27, 1919. Stock issued in payment of these notes. David W. Unterberg, secretary.”
The court holds that the fund for which the notes involved herein were executed was borrowed money, which is expressly excluded from consideration as invested capital.
It follows that the petition should be dismissed. And it is so ordered.
Geaham:, Judge; Booth, Judge; and Campbell, Chief Justice, concur.
Hat, Judge, absent.