Green, Judge,
delivered the opinion of the court:
The plaintiffs in this case are affiliated corporations and as such filed a consolidated corporation income-profits-tax return for the calendar year 1918. The Commissioner of Internal Kevenue made an additional assessment of taxes in the amount of $41,520.01 above the amount shown to be due by this return. The plaintiff, the Union Land Company, paid the amount of this additional assessment under protest, and having duly filed a claim for refund, brings this suit to recover the amount so paid.
The evidence shows that in 1914 the A. H. Stange Company, one of the plaintiffs, transferred to the Union Land Company and the Kinzel Lumber Company, also a plaintiff, a large amount of property, including some cash. The two last-named corporations had the same stockholders as the A. H. Stange Company, and the stockholders held their stock in the same proportions. The property transferred to the Union Land Company, not including cash to the amount of $60,000.00, was entered on the books of this company at a value of $3,431,382.61, although in fact its value was much greater. The property and cash transferred to the Kinzel Company amounted to $305,000.00, and after this transfer its total assets were in book value $315,000.00. The property so transferred to these companies, respectively, was carried upon their books as an asset. The Union Land Company had, including cash, assets of a total book value of $3,491,382.61. Against this book value of assets the books showed that capital stock to the amount of $245,000.00 had. been issued and the several stockholders had been credited with accounts payable in a total amount of $3,234,000.00. Against these stockholders’ accounts the Union Land Company issued debenture notes to its stockholders of a face value of $3,185,000.00, leaving a balance of $49,000.00 on *529 the accounts, which was paid to the stockholders. The Kinzel Lumber Company issued capital stock to the amount of $105,000.00. Its books showed accounts payable to its stockholders to the amount of $210,000.00. Having distributed the amount of $70,000.00 in cash, the Kinzel Company issued debenture notes to its stockholders in proportion to their stockholdings to the amount of $140,000.00, and thereby extinguished the accounts. All of these transactions occurred in 1914.
The debenture notes so issued were payable on or before twenty years from date, were' a lien on the property of the corporation which issued them, and might be registered. Otherwise, it was provided that they should pass by delivery and without endorsement.
In making its consolidated income-tax return for 1918 the Union Land Company listed as a liability as then outstanding debenture notes of the Union Land Company in the amount of $2,940,000.00 and of the Kinzel Lumber Company $140,000.00, and .also in its schedule of capital, surplus, and undivided profits included the same amount of debenture notes for each company. The controversy in this case is wholly as to whether the amount of these debenture notes could properly be included in the invested capital of the companies which issued them. The commissioner held that they could -not, .and by reason thereof assessed the additional tax which the plaintiffs now seek to recover.
We know of no valid principle under which the amount of these notes could be held to be part of invested capital. The plaintiffs argue that their issuance was not equivalent to making a dividend. We do not think that the issuance of these notes to take up outstanding accounts due the stockholders constituted a dividend, but this does not bring the notes within the definition of invested capital.
The revenue act of 1918, 40 Stat. 1057, stated very definitely what items could be included in invested capital. There is nothing in these notes or the transactions through which they were issued that can even remotely be connected with the items described and set forth in this statute as *530 constituting invested capital. Among other things, the statute says that—
“Actual cash value of tangible property, other than cash, bona fida paid in for stock of shares, at the time of such payment, * * *” [sec. 326 (a) (2)]
is within the meaning of “ invested capital ” as used in the title under consideration, and it seems to be claimed that these notes are covered by this provision.
The debenture notes, as before stated, were given to take up and extinguish open .accounts due the stockholders. The credits given by these accounts, it is true, arose by reason of property being transferred to the corporation by the stockholders, but neither these accounts nor the notes which were given to take them up were property “ paid in for stock or shares.” In fact, neither the accounts nor the notes were the property of the corporation. The motes passed by delivery and without endorsement and became the property of whoever held them. Although these notes did not mature for twenty years, they constituted an indebtedness and were a liability of the corporation and were, as before stated, listed as a liability in plantiffs’ return for the year involved. Under qo sound theory can an ordinary liability such as a bill or bills payable become a part of invested capital.
As the statute also provides that borrowed money shall not constitute a part of invested capital, the plaintiffs seek to show that neither these notes nor the indebtedness represented by them represented borrowed money. In the case of Unterberg & Co. v. United States, 64 C. Cls. 197, 204, a case quite similar to the one at bar, this court held that the fund for which the debenture notes involved therein were executed Avas borroAved money, but we do not find it necessary to determine the question in the instant case. The provision of the statute with reference to borrowed money was evidently intended merely to remove any possible doubt as to the status of money which had been borrowed. It did not in any way enlarge the meaning of the words “ invested capital,” as otherwise defined by the statute, and the plaintiffs in order to justify their contention, *531 must show that the debenture notes were within this definition. This they have failed to do. It follows that plaintiff, the Union Land Company, was not entitled, in making its consolidated return, to include in its invested capital the amount of the debenture notes, and that it and its affili-atéd corporations can not recover herein.
Judgment will be entered dismissing plaintiffs’ petition.
SiNNOtt, Judge; Moss, Judge; Graham, Judge; and Booth, Chief Justice, concur.